**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDLIN DEVILMAR,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden,<br><br>                         Respondent. | No. 3:26-cv-01748-JES-MSB<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 4]** |

Before the Court is Petitioner Fedlin Devilmar's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 4, ("FAP"). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Return to the Amended Petition. ECF No. 7, ("Ret."). Petitioner then filed the Traverse. ECF No. 8, ("Trav."). As this Court addressed Petitioner's initial habeas action, *see Devilmar v. U.S. Immigr. & Customs Enf't*, No.: 3:26-cv-00009-JES-MSB, (S.D. Cal. Jan. 2, 2026), ECF No. 1, ("Pet. #1"), the case was then reassigned to the undersigned, who took it under submission. ECF No. 9; *see* S.D. Cal. Civ. LR 40.1e6. For the reasons stated below, the Court **GRANTS** the Petition.

3:26-cv-01748-JES-MSB

## I.    BACKGROUND

Petitioner, a citizen of Haiti, entered the United States in September 2024. ECF No. 4-1, ("Pet. Decl."), ¶ 1. Petitioner claims that he was released on Parole. *Id*. ¶ 2; FAP at 2. Respondents issued Petitioner an I-94 form, which authorizes Petitioner's admission into the United States until September 8, 2026. Pet. Decl. ¶ 2; *see Devilmar*, No.: 3:26-cv-00009-JES-MSB, ECF No. 1, at 2 ("I-94 Form").

Petitioner alleges that he attended all his check-ins with immigration officials and that he has been pursuing his asylum claim. Pet. Decl. ¶ 2. Despite this, immigration officials detained Petitioner at a check-in, on October 14, 2025. *Id*. ¶ 4. Petitioner alleges that immigration officials did not explain why he was being detained nor whether his parole was being revoked. *Id*. ¶ 5.

In the FAP, Petitioner claims that the Government either (1) detained him without even attempting to revoke his parole or (2) failed to properly revoke his parole before detaining him. FAP at 6-7. The Government argues that Petitioner failed to raise this claim in the petition he filed previously and also failed to challenge an immigration judge's denial of bond. *See* Ret. at 1.

Petitioner previously filed a habeas petition in January 2026. In the pro se petition, Petitioner included the I-94 Form as an exhibit and attempted to explain that he was authorized to be present in the United States pursuant to said I-94 Form. *Devilmar*, No.: 3:26-cv-00009-JES-MSB, ECF No. 1, at 1-2. The Government responded by: (1) failing to address Petitioner's I-94 Form, entirely; (2) reiterated that according to its policy, 8 U.S.C. § 1225(b) governs Petitioner's detention; (3) recognized the entry of final judgment in the Central District Court of California case, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), which held that the Government's policy was unlawful; and (4) "acknowledge[d] that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." It was on this record that the Court granted the petition, in part, ruling that Petitioner was

entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner received a bond hearing, but the immigration judge found that Petitioner was a flight risk and, therefore, denied him bond. The Court then entered judgment granting the petition and closed the case.

## II.   DISCUSSION

The Court rejects the Government's arguments. First, in ruling on the prior pro se Petition, the Court did not rule on whether Petitioner's initial detention was lawful. *See* Pet. #1. Reading that Petition liberally—as it was pro se—the Court finds that Petitioner submitted his I-94 form and alleged that he was unlawfully detained. *See United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (cleaned up)). The Court will not penalize Petitioner for the Court's prior decision not to consider whether Petitioner was lawfully detained.

Second, Petitioner is not challenging the immigration judge's denial of bond. Trav. at 1. Rather, he claims that his detention was never lawful, in the first place. *Id.* Petitioner was not required to exhaust administrative remedies before bringing a habeas petition challenging the lawfulness of his initial detention, as that is exactly what habeas petitions are for. *See United States v. Kirby (In re Kirby)*, 106 F.3d 855, 866 (9th Cir. 1996) ("In habeas, a petitioner challenges the legality of his detention.").

The Court agrees with Petitioner on the merits. The Government either (1) detained Petitioner without even attempting to revoke his parole or (2) failed to properly revoke his parole before detaining him. Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not

3

also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). The Government failed to comply with these due process requirements.

### III.    CONCLUSION

Based on the foregoing:

(1)    The Court **GRANTS** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2)    Respondents are **ORDERED** to immediately **RELEASE** Petitioner from custody, under the same conditions as previously imposed, and to **FILE** a Notice of Compliance, no later than **April 21, 2026,** confirming that Petitioner has been released; and

(3)    The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: April 17, 2026

Honorable James E. Simmons Jr.
United States District Judge